UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS HARRIS,

                Plaintiff,

v.                                        Case No. 19-cv-1572-pp

CO JESTER, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Marcus Harris, who is confined at the Racine Correctional Institution, and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 5, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $20.38. Dkt. No. 6. The court received that fee on

1

November 20, 2019. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations[1]

The plaintiff has sued Correctional Officer Jester and the Milwaukee County Jail administration. Dkt. No. 1 at 1. His allegations relate to events that occurred while he was an inmate at the Milwaukee County Jail.

The plaintiff alleges that sometime between September 22 and 24, 2018, Jester came to his cell to address the plaintiff's malfunctioning sink; the plaintiff says that Jester had been notified about the sink earlier. Id. at 2. After asking the plaintiff to step out of his cell, Jester went to the sink and "pressed the b[u]tton" on the sink, which caused water to "come out all over her (from the sink)." Id. The plaintiff says that Jester then stepped aside and pushed the button again, which caused water to go "all over" the floor. Id. He alleges that Jester did not give the plaintiff any cleaning supplies or help him clean up the water (as had happened in the past). Id. When the plaintiff asked to speak to someone higher up to "see if [he] could be moved," Jester refused and said she would put in a work order about the sink. Id. at 3.

---

[1] The plaintiff filed a complaint with nearly identical allegations in case number 19-cv-1107-WCG.

3

Jester returned two hours later to tell the inmates it was time to eat. Id. The plaintiff again requested to move to another cell because of the sink, and Jester again refused his request. Id. When the plaintiff returned to his cell after eating, he slipped on the water and fell onto his back, injuring himself. Id. The plaintiff saw a doctor at the Health Services Unit, and was told that there was "something wrong (injury)." Id. He filed a grievance about the incident, but says he was "moved due to that write up of the C.O." Id. He asserts that Jester "should have done more to prevent the slip/fall, and the subsequent injuries that [he] sustained, but she took matters into her own hands, and by her gross negligence violated [his] 8th Amendment right . . . ." Id. The plaintiff alleges that he has severe back pain and spinal cord pain, and that he sustained nerve injuries. Id.

The plaintiff seeks compensatory damages and wants the court to order the Milwaukee County Jail administration to change its policy for dealing with hazardous situations like his leaking sink. Id. at 4.

C. Analysis

The plaintiff's allegations amount to a claim of deliberate indifference to the conditions of his confinement, which arises under the Eighth Amendment's prohibition of cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the jail official he has sued acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Id. A prison official

4

shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

Generally, a wet floor "poses little risk of serious harm to inmates, and thus allowing a wet floor to go unremedied would not violate the Eighth Amendment." Watkins v. Lancor, 558 F. App'x 662, 665 (7th Cir. 2014) (citing cases); see also Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."). The plaintiff does not allege that the defendant deliberately put him in harms way, or that she knew that he was at substantial risk but chose to do nothing. He says only that she "should have done more." The plaintiff's allegations suggest, at most, that Jester was negligent, which does not constitute a violation of the Eighth Amendment. See Farmer, 511 U.S. at 835–36; Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019).

Because the Milwaukee County Jail administration is not a "person" subject to suit under §1983, the court must dismiss it as a defendant. See Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The plaintiff's request for injunctive relief against the jail is moot because he no longer is incarcerated there (he was at Dodge Correctional when he filed his complaint, dkt. no. 1 at 1) and has not alleged any likelihood that he will be transferred back. Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011).

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

5

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $329.62 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**